UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK M. PECK,

           Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

           Defendants.

Case No. 2:12-CV-00898-JCM-RJJ

**ORDER**

    Presently before the court is plaintiff, appearing pro se, Frank M. Peck's motion for a temporary restraining order. (Doc. # 14). Defendants have not responded.

    According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. FED. R. CIV. P. 65. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

    In his motion, plaintiff alleges that the Nevada Department of Corrections and Warden Nevin have confiscated his legal materials without exception. (Doc. # 14, 2). Plaintiff explains that these legal materials relate to "no less than 9" ongoing civil and criminal cases that plaintiff is party to. (Doc. # 14, 3). Without these materials, plaintiff asserts that he "will sustain actual harm . . ." (Doc. # 14, 2). Further, plaintiff has filed an affidavit to this effect. (Doc. # 14, 5).

    It is beyond dispute that state prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir.1974). In this context, the due process

clause protects prisoners from being deprived of their property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, while an authorized, intentional deprivation of property is actionable under the due process clause, neither negligent or "unauthorized intentional deprivations of property" gives rise to a violation of the due process clause if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 n. 14 (1983). In other words, only an authorized intentional deprivation of property is actionable under the due process clause. Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Here, plaintiff has failed to provide facts specific enough to show "immediate or irreparable injury, loss or damage." FED. R. CIV. P. 65. From the affidavit it is not clear what reasons the Nevada Department of Corrections had for this confiscation. Further, plaintiff has not provided facts showing an authorized intentional deprivation of property that is unrelated to a penological interest. *Hudson*, 468 U.S. at 533; *see also Turner*, 482 U.S. at 89. Without more, this court is unable conclude that plaintiff enjoys a likelihood of success on the merits of his claim.

However, the court recognizes the importance of plaintiff's personal property rights, and, more generally, the importance of prisoners' rights. Therefore, under these facts, the court finds an expedited briefing schedule is warranted. Defendants must file their response to the motion for a preliminary injunction on or before September 12, 2012.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 14) be, and the same hereby is, DENIED without prejudice.

DATED this 31st day of August, 2012.

UNITED STATES SENIOR DISTRICT JUDGE