UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>CLARK COUNTY, NEVADA,<br><br>                    Defendant(s). | Case No. 2:12-cv-00898-JCM-NJK<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION TO NOT ENTER JUDGMENT<br><br>(Docket No. 28) |

      Pending before the Court is a motion by Plaintiff styled as a request pursuant to Rule 60(b)[1] that judgment not be entered. Docket No. 28. Defendants filed a response and Plaintiff filed a reply. Docket Nos. 29-30, 31. The Court finds the matter properly resolved without oral argument. Local Rule 78-2. The only authority cited by Plaintiff in his motion is Rule 60(b). Rule 60(b) applies only to motions challenging final, appealable orders. *See, e.g.*, *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); *see also School Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958). As there is no final, appealable order in this case, Plaintiff's motion is improper and is **DENIED** without prejudice.[2]

      It appears that the crux of the dispute presently before the Court revolves around the enforceability of the settlement placed on the record by the parties. *See* Docket No. 26. Neither

---

[1] Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Plaintiff's motion seeking a ruling on his Rule 60(b) motion is hereby **DENIED** as moot. *See* Docket No. 32.

party provides any authority regarding the enforcement of a settlement agreement and the Court will not resolve such an issue without developed argument presented by the parties discussing relevant authority. *See, e.g.*, *Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, at *8 n.4 (D. Nev. May 14, 2013) (quoting *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).[3] The procedure to resolve this issue is: (1) Defendants file a motion seeking to enforce the settlement; (2) Plaintiff files a response opposing that motion; and (3) Defendants file a reply.

For the reasons discussed above, the Court rules as follows:

- Plaintiff's motion that judgment not be entered (Docket No. 28) is **DENIED** without prejudice.
- Plaintiff's motion seeking a ruling on the above motion (Docket No. 32) is **DENIED** as moot.
- The issue of the enforceability of the settlement agreement shall be raised to the Court as follows: (1) no later than August 5, 2013, Defendants shall file a motion to enforce the settlement supported by developed argument with citation to legal authority; (2) no later than August 26, 2013, Plaintiff shall file his response in opposition; and (3) no later than September 9, 2013, Defendants shall file a reply.

IT IS SO ORDERED.

Dated: July 19, 2013

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] This Court recently discussed some of the pertinent issues to such a motion. *See Pavon v. UPS*, 2013 U.S. Dist. Lexis 94205 (D. Nev. May 17, 2013), *adopted*, 2013 U.S. Dist. Lexis 94204 (D. Nev. July 5, 2013).