UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK, | ) |
| Plaintiff, | ) 2:12-CV-00898-JCM-NJK |
| vs. | ) |
| NEVADA DEPARTMENT | ) **ORDER** |
| OF CORRECTIONS, *et al.*, | ) |
| Defendants. | ) |

Presently before the court are the report and recommendation of Magistrate Judge Koppe (doc. # 39) regarding a motion to enforce settlement filed by defendants Renee Baker, Cheryl Burson, Brian Connett, James G. Cox, William Humphrey, E.K. McDaniel, and Tasheena Sandoval ("defendants") (doc. # 36). *Pro se* plaintiff Frank M. Peck filed objections (doc. # 40) to which defendants responded (doc. # 42). Plaintiff also filed a reply to defendants' response. (Doc. # 43).

Also before the court is plaintiff's motion for an evidentiary hearing. (Doc. # 41).

. . .

. . .

. . .

## I. Background

### A. Facts

On January 4, 2013, plaintiff and defendants participated in a mediation conference. (Doc. # 26). After approximately three hours of arms-length negotiations, the parties orally agreed to a settlement. *Id.* Plaintiff agreed to dismiss his claims with prejudice, and in exchange defendants agreed to pay plaintiff one hundred dollars and to discharge a ten dollar and fifty cent balance owed by plaintiff to the Nevada Department of Corrections. *Id.*

Mediator J. Michael McGroarty advised plaintiff that the deputy attorney general would prepare a written settlement agreement to be signed by the parties, as well as a stipulation and order to dismiss the case. McGroarty further advised plaintiff that although a written agreement would be forthcoming, the settlement was binding *at that moment* and was therefore enforceable with plaintiff's consent.

After receiving the written settlement agreement and stipulation of dismissal, plaintiff refused to execute the documents. Defendants now seek to enforce the settlement that was agreed upon during the mediation conference. (Doc. # 36).

### B. Report & recommendation and objections

Magistrate Koppe issued a report and recommendation finding that plaintiff repeatedly acknowledged, prior to orally giving consent, that he would be bound by the agreement, and recommending that defendants' motion to enforce settlement be granted. (Doc. #39).

Plaintiff's objections to the report allege that he was unethically befriended by Mediator McGroarty and misled by defendants. (Doc. # 40).

## II. Legal standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); LR IB 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

1 magistrate judge. *Id.*

2 However, the district court need not conduct a hearing to satisfy the statutory requirement that
3 the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980)
4 (observing that there is "nothing in the legislative history of the statute to support the contention that the
5 judge is required to rehear the contested testimony in order to carry out the statutory command to make
6 the required 'determination'").

**III. Discussion**

Plaintiff's contention that he should not be bound to the settlement agreement because he was befriended by the mediator is without merit. A mediator's role in a case such as this is to provide an unbiased opinion as to the likely outcome and encourage all parties to come to a mutually agreeable solution. The court is not inclined to rule that an agreement should be set aside merely because a mediator was friendly. Indeed, the presence of a mediator who is not antagonistic to the parties attempting to reach a settlement encourages the efficient resolution of cases and is beneficial to the justice system.

Plaintiff argues that defendants' proposed written settlement agreement is inaccurate because "there was no mention of NDOC not admitting violating [plaintiff's] constitutional rights" during the mediation conference. (Doc. # 40 p. 2). However, the record certainly does not show that defendants, at any time, agreed to admit that any violation of plaintiff's constitutional rights took place. The written agreement simply clarifies that defendants do not admit to any wrongdoing, but agree to pay plaintiff the designated amount in exchange for the dismissal of his claims. (Doc. # 36-3). Therefore, these statements do not contradict or exceed the agreement that was reached during the mediation conference.

Other than the statements clarifying that defendants do not admit wrongdoing, plaintiff does object to any specific terms in the written agreement, nor does he allege that defendants made any specific misrepresentations that induced his consent.[1] Additionally, plaintiff does not clarify how

---

[1] Plaintiff's objections contain a reference to an unnamed "document" that defendants' counsel incorrectly told him "was not a legal document." (Doc. # 40). However, without a claim that plaintiff was misled as to the document's contents or impact upon the pending litigation, the court cannot find that these facts void his clear statements of consent to the

3

1  additional evidence could support a finding that he was coerced or misled during the mediation
2  conference. Accordingly, the court will adopt Magistrate Judge Koppe's recommendation to grant
3  defendants' motion to enforce settlement and will deny plaintiff's motion for an evidentiary hearing.

4  **IV.    Conclusion**

5  After having conducted a de novo review of those portions of the report objected to,

6  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's
7  report and recommendation (doc. # 39) regarding defendants' motion to enforce settlement be, and the
8  same hereby is, ADOPTED in its entirety.

9  IT IS FURTHER ORDERED that defendants' motion to enforce settlement (doc. # 36) is
10 GRANTED.

11 IT IS FURTHER ORDERED that plaintiff's motion for an evidentiary hearing (doc. # 41) is
12 DENIED.

13 DATED March 14, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

settlement agreement.